## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No. 19-720 (DRD) |
| Plaintiff, | |
| v. | |
| **BERNARDO ALVAREZ,** | |
| Defendant. | |

## REPORT AND RECOMMENDATION
## ON RULE 11(b) CHANGE OF PLEA HEARING

### I.   Procedural Background

On November 7, 2019, Defendant Bernardo Alvarez was charged by a Grand Jury in a two-count indictment. Defendant agrees to plead guilty to Counts One and Two of the Indictment.

Count One of the Indictment charges that, on or about November 4, 2019, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant, Bernardo Alvarez and other co-defendants, knowingly and intentionally combined, conspired, and agreed with each other and other persons, known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Controlled Substance. All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii) and 846.

Count Two of the Indictment charges that on or about November 4, 2019, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant, Bernardo Alvarez and other co-defendants, knowingly and intentionally possessed with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Controlled Substance. All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii).

USA v. Bernardo Alvarez
Cr. No. 19-720 (DRD)
Report and Recommendation on Guilty Plea

On December 13, 2021, Defendant moved for a change of plea and informed his decision to enter a straight plea of guilty. Docket No. 42. On March 17, 2022, Defendant appeared before this Court for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful because otherwise he could be charged with perjury.

## II.    Consent to Proceed Via Video Conference

Defendant was advised of his right to have the hearing under Rule 11 of the Federal Rules of Criminal Procedure in person and open court. However, he was also advised that, because of the national emergency caused by the COVID-19 pandemic, the hearing could not be held in person without seriously jeopardizing public health and safety. See *In re Corona Virus (COVID-19) Public Emergency Miscellaneous Order*, 3:20-mc-0088 (D.P.R. March 31, 2020) (implementing Coronavirus Aid, Relief and Economic Security Act, H.R. 748 ["CARES Act"], authorizing video conferencing under certain circumstances).

Per the above, during the proceeding, the Court, the prosecutor, defense counsel, the interpreter, and the courtroom deputy all appeared by video conference. Defendant was asked for his consent to proceed via video conference. Defendant expressed to have had the opportunity to discuss the matter with his attorney and consented to appearing via video conference. Defendant also consented by submitting an *Informative Motion Re: Consent to Proceed by VTC*. Docket No. 69. Defendant's image and voice were clear, and he could always clearly see and hear the Court and the attorneys. Defendant could also see the documents that were shared on the computer screen. Therefore, pursuant to the CARES Act, the plea hearing was held by video conference.

## III.    Consent to Proceed Before a Magistrate Judge

Defendant was advised of his right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if he elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

USA v. Bernardo Alvarez
Cr. No. 19-720 (DRD)
Report and Recommendation on Guilty Plea

Defendant was provided with a *Waiver of Right to Trial by Jury*, which he signed prior to the hearing. Docket No. 70-1. Defendant validated his signature and expressed that he understood the consequences of agreeing to proceed before a magistrate judge. Defendant expressed that he agreed to proceed before a magistrate judge. The Court thus found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

## IV. Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal crime violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

### A. Competence to Enter a Guilty Plea

The Court questioned Defendant about his age, education, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and his understanding of the purpose of the hearing, to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The Court confirmed that Defendant received the Indictment and fully discussed the charges with his attorney, and that he was satisfied with the advice and representation he received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's capacity to plead, receiving answers that Defendant was competent to enter a plea. After considering Defendant's responses, and observing his demeanor, a finding was made that Defendant was competent to plead and fully aware of the purpose of the hearing.

### B. Voluntariness

Upon questioning, Defendant confirmed that no one made promises or assurances of any kind in exchange for his guilty plea. Defendant indicated that he was not being induced to plead guilty, that he was entering such plea freely and voluntarily because in fact he is guilty, and that

USA v. Bernardo Alvarez
Cr. No. 19-720 (DRD)
Report and Recommendation on Guilty Plea

no one had threatened him or offered a thing of value in exchange for his plea. Defendant understood that the offenses to which he is pleading guilty are felonies and that, if the plea is accepted, he will be adjudged guilty of those offenses, and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. Importantly, Defendant was advised, and expressed to have understood that, because he is not a United States citizen, if accepted, his plea of guilty could result in negative immigration consequences, such as the removal or deportation from the United States, the denial of citizenship, and being barred from re-entry to the United States.

Throughout the hearing, Defendant was free to consult with his attorney or to seek clarification from the Court. He confirmed that his decision to plead guilty was made knowingly and voluntarily.

### C.  Maximum Penalties

Defendant expressed his understanding of the statutory maximum penalties for the offenses to which he was pleading guilty, namely, Counts One and Two of the Indictment. Counts One and Two of the Indictment carry a term of imprisonment of not less than ten (10) years and not more than life, a fine not to exceed ten  million dollars ($10,000,000), and a term of supervised release of not less than five (5) years. In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund, pursuant to Title 18, United States Code, Section 3013(a). Defendant indicated that he understood the maximum penalties applicable to Counts One and Two of the Indictment, that the offenses charged are felonies, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, he may be required to serve an additional term of imprisonment up to the full time of the term of supervised release originally imposed by the Court. And that, if he is currently on supervised release in a different case than the one object of the Indictment here, his plea of guilty, if accepted, could result in negative consequences, such as the revocation of his supervised release in that other case.

USA v. Bernardo Alvarez
Cr. No. 19-720 (DRD)
**Report and Recommendation on Guilty Plea**

The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offense, and the Court may also require him to forfeit certain property to the Government, as alleged in the Indictment in this case. Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence he may be currently serving in another case.

**D.  Sentencing Procedure**

Defendant was informed that, in determining his sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate expected by him or provided by his attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and informed to have understood, that the Sentencing Guidelines are thus considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if he is sentenced to prison, he will not be released on parole. Further, Defendant was advised of his right to appeal and that, under some circumstances, he or the Government may have the right to appeal the sentence imposed by the Court. But that, by pleading guilty, he is limiting his right to appeal to situations in which his guilty plea is unlawful or involuntary, or if there is a fundamental defect in the proceedings that was not waived by his plea of guilt, and to a statutory right to appeal a sentence if it is contrary to law. Defendant informed that he understood his right to appeal.

**E.  Waiver of Constitutional Rights**

Defendant was specifically advised that he has the right to persist in a plea of not guilty and that, if he does, he has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial he would be presumed innocent and

USA v. Bernardo Alvarez
Cr. No. 19-720 (DRD)
Report and Recommendation on Guilty Plea

the Government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and that, if he could not afford one, an attorney would be appointed to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the witness, the right to issue subpoenas or to compel the attendance of witness to testify at trial, and the right to testify or to remain silent. Defendant was further advised that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury would have to return a unanimous verdict before he could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. He reaffirmed his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights that the Court explained.

### F.  Offenses Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Counts One and Two of the Indictment and was provided the meaning of technical terms used in the Indictment to describe the offenses as charged. Defendant was also provided an explanation of the elements of each of the offenses charged. Defendant expressed that he understood the charges and the elements of the offenses, and what the Government would have to prove beyond a reasonable doubt if he were to go to trial.

The Government explained the factual basis for the offenses and the evidence it would present if this case were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offenses charged. Defendant admitted that he was pleading guilty because he is in fact guilty. Defendant pled guilty as to Counts One and Two of the Indictment.

### V.    Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Counts One and Two of the Indictment.

After cautioning and examining the Defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, the Court finds that the defendant, **Bernardo Alvarez**, is fully competent and capable of entering this guilty plea, is aware of the nature of the charges and the maximum statutory penalties these carry, understands that the charges are supported by evidence and a basis in fact, has admitted to the elements of the offenses, and has

done so in an intelligent and voluntary manner with knowledge of the consequences of his guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Counts One and Two of the Indictment.

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Judge. United States v. Valencia-Copete, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Daniel R. Domínguez.**

In San Juan, Puerto Rico, this 17th day of March 2022.


s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge